UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID BROWNELL,<br><br>    Petitioner,<br><br>    v.<br><br>BAILEY, Warden,<br><br>    Respondent. | No. 1:25-cv-00451-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION, DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>[Doc. 11] |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having consented to the jurisdiction of the magistrate judge, on June 20, 2025, the matter was assigned to the undersigned for all further proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 12.)

On April 18, 2025, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) On June 18, 2025, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971). (Doc. 11.) Petitioner did not file an opposition. Upon review of the pleadings, the Court will grant the motion to dismiss.

**I.    DISCUSSION**

Petitioner was convicted in the Kings County Superior Court on June 29, 2023, of

1   multiple sex offenses involving a minor. (Doc. 10-1 at 1.)  He appealed to the California Court of

2   Appeals.  On December 17, 2024, the appellate court affirmed the judgment. (Doc. 10-2.)

3   Petitioner petitioned for review in the California Supreme Court, and review was denied on

4   February 19, 2025. (Doc. 10-3, 4.) Petitioner filed the instant petition on April 18, 2025. (Doc. 1.)

5     It is premature for this court to review Petitioner's collateral attack on his conviction

6   because judgment was not final at the time he filed the instant petition. A federal court's

7   jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on

8   which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

9     Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state

10  criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention

11  prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing

12  state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate

13  opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v.

14  Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

15    The Younger criteria are satisfied here. First, judgment was not final at the time he filed

16  the instant petition. The California Supreme Court denied review on February 19, 2025, and the

17  time to file a petition for writ of certiorari in the United States Supreme Court did not expire until

18  May 20, 2025. Thus, Petitioner filed the instant petition before judgment became final.[1]  It is

19  immaterial that the state proceedings may have concluded while the instant federal petition was

20  pending.  Beltran v. State of Cal., 857 F.2d 542, 547-48 (9th Cir. 1988). "The critical question is

21  not whether the state proceedings are still 'ongoing' but whether the state proceedings were under

22  way *before initiation* of the federal proceedings." Wiener v. County of San Diego, 23 F.3d 263,

23  266 (9th Cir. 1994) (emphasis added; internal quotes omitted).  Second, appellate proceedings

24

---

25  [1] A state court criminal judgment becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari
26  petition expires." Clay v. United States, 537 U.S. 522, 527 (2003); see also Wixom v. Washington, 264 F.3d 894, 897 (9th Cir.2001) ("[U]nder [§ 2244(d) ], a judgment becomes 'final' in one of two ways-either
27  by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court
28  from which such direct review could be sought."), *cert. denied*, 534 U.S. 1143 (2002).

implicate an important state interest in enforcing criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-45). Finally, the California state courts and the United States Supreme Court provide an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Petitioner may seek relief after his conviction becomes final. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction."). For these reasons, the Court does not find that extraordinary circumstances warrant intervention, and the Court will abstain from interfering with state proceedings.

## II.    CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

Here, the Court finds Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

## III.     ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss, (Doc. 11), is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

3) The Clerk of Court is directed to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **July 29, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE